## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

        -against-

**LUKE KENNA,**

        **Defendant.**

**DEFENDANT'S SENTENCING
MEMORANDUM**

**Information No. 1:23-CR-61 (BKS)**

### Preliminary Statement

Luke Kenna comes before this court for sentencing following a plea of guilty on August 17, 2023, to a two count information charging him with Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. §2113(a) and (d), and Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §922(g)(9). *See* Superseding Information, Dkt. #59. This plea was entered into pursuant to a written plea agreement. *See* Plea Agreement, Dkt#60, hereinafter "PA." He is currently scheduled for sentencing in Albany, NY on June 14, 2024 at 10:30AM.

### The Sentencing Framework

I.    The Factors to Be Considered in Imposing Sentence

Congress has set forth specific factors the court should consider before imposing a sentence. Title 18 U.S.C. § 3553 (a) directs the court to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with the needed educational or vocational training, medical

care, or other correctional treatment in the most efficient manner.

*See*, 18 U.S.C. § 3553 (a)(2).

In fashioning such a "sufficient, but not greater than necessary sentence", the court must

consider the nature and circumstances of the offense and the history and characteristics of the

offender; the kinds of sentences available; and the sentencing range established by the guidelines.

See, 18 U.S.C. § 3553 (a)(1),(3),(4).

<u>The Nature and Circumstances of the Offense</u>

The PA at ¶5 adequately outlines the nature and circumstances of Mr. Kenna's offense.

<u>History and Characteristics of the Defendant</u>

Prior to the instant offense of conviction, Mr. Kenna only had a few misdemeanors on his

record, primarily vehicle and alcohol offenses, in some instances both. *See* PSIR at ¶¶ 80-86. Mr.

Kenna also has a history of mental health issues, *see id.* at ¶102-105, as well as substance abuse. *See*

*id.* at ¶106-109.  It is clear the combination of his ongoing mental health issues and substance abuse

have not served him well at all.  He needs treatment for both conditions if he is to properly

rehabilitate himself.  Fortunately he has acknowledged this as a necessary step towards becoming a

productive law abiding citizen uponhis release.

<u>Sentences Available and Application of the Sentencing Guidelines</u>

The maximum term of imprisonment is 5 years on Count 1, 18 U.S.C. §371 and 10 years on

Count 2, 18 U.S.C. §924(a)(8).

The maximum fine is $250,000 per count, 18 U.S.C. §3571(b)

The maximum term of post release supervision is three years, 18 U.S.C.§3583(b)(2).

Based on Mr. Kenna's total offense level of 21 in criminal history category II his recommended guideline range of imprisonment is 41 to 51 months.  U.S.S.G. Sentencing Table Ch. 5 Pt. A.

On both counts the recommended guideline range for fines is $15,000.00 to $150,000.00. U.S.S.G. §5E1.2(c)(3).  Mr. Kenna is unable to pay a fine. *See* PSIR ¶ 114.

On both counts the guideline range for a term of supervised release is 1 to 3 years.  U.S.S.G. §5D1.2(a)(2).

Analysis and Recommendation

At the time of sentencing Mr. Kenna will have served nearly the equivalent of a 22-month term of incarceration when taking into account the Good Conduct Time credits he will receive when the Bureau of Prisons calculates his release date.   With his history of only misdemeanor offenses, this experience has provided him with a much greater respect for the law and more than adequate deterrence to protect the public from any future crimes.

However, Mr. Kenna needs appropriate treatment for his mental health and controlled substance abuse.  While incarcerated he hasn't received the treatment he needs in the most efficient manner.  A term of post release supervision will ensure he efficiently obtains the treatment he needs to avoid any future violations of the law.  Mr. Kenna is aware that with a felony on his record any subsequent violation of the law will be met with much harsher punishment, even after his term of supervised release is completed.

Motion to strike Nazi references objected to in PSIR.

The descriptions of Norse iconography and symbology in Mr. Kenna's PSIR has been exclusively presented as if it can only be an indication of

Footnote 3 on page 8 quotes verbatim from the ADL website[1] but without leaves out the closing paragraph which reads as follows:

> Because sonnenrad imagery is used by many cultures around the world, one should not assume that most sonnenrad-like images necessarily denote racism or white supremacy; rather, they should be analyzed carefully in the context in which they appear.

The deliberate omission of the cautionary conclusion of the ADL's description of the sonnenrad comes across as an attempt to infer that the described symbology has exclusively evil connotations.

The first sentence of Paragraph 21 should be removed or modified. It was objected to when it appeared in the initial PSIR and probation's response to the objection was "references to 'Nazi' are as described in law enforcement reports and have not been removed." PSIR at page 41. Each such statement, if not struck from the final PSIR, should all be preceded with phrase "according to law enforcement reports." This will make clear the questionable exactitude of the statements.[2] This was done to some extent in ¶¶ 53 but also needs to be addressed in ¶¶ 21, 37, 56, 99 footnote 10.

Footnote 10 notes that "Runic writing has been identified by the Antidefamation League as often containing racist language" but the Probation officer again chose to ignore the ADL's repeated admonition that runes are "also commonly used by non-racist modern Norse pagans, so care needs to be taken in its evaluation."[3]

---

[1] https://www.adl.org/resources/hate-symbol/sonnenrad
[2] It is laudable that in its response to Mr. Kenna's objections to the initial PSIR, that the Probation officer acknowledged in her response that law enforcement reports can be inaccurate. *See* PSIR page 41, Response by U.S. Probation Officer.
[3] *See e.g.*
https://extremismterms.adl.org/glossary/runic-writing
https://extremismterms.adl.org/glossary/life-rune
https://extremismterms.adl.org/glossary/jera-rune-symbol
https://www.adl.org/resources/hate-symbol/othala-rune
https://www.adl.org/resources/hate-symbol/tyr-rune

As an alternative to striking the Nazi references, the Court could order the above recommendations for to put such references in the proper context.

## Conclusion

The government seeks a sentence of 22 months followed by 3 years of supervised release, but Congress directs that a sentence be not greater than necessary to comply with the purposes of sentencing, to wit, to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, to afford adequate deterrence, protect the public from future crimes and provide the defendant with needed educational, vocational, medical or other corrective treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2).

In this case, a sentence of incarceration of 24 months followed by 36 months of supervised release is sufficient but not greater than necessary to comply with the purposes of sentencing as required by Congress.

DATED: May 31, 2024

Lisa Peebles
Federal Public Defender

By _____
Matthew E. Trainor, Esq.
Assistant Federal Public Defender
Bar # 105643
54 State Street, STE 310
Albany, New York 12207
Tel: (518) 436-1850
Fax: (518) 436-1780
matthew_trainor@fd.org

**Certificate of Service**

I, Matthew E. Trainor, attorney of record for the above-named defendant, hereby certify that on

May 31, 2024, I electronically filed the foregoing Sentencing Memorandum, with the Clerk of the

District Court using the CM/ECF system, which sent notification of such filing to

Alexander Wentworth-Ping, Assistant U.S. Attorney.

by: _____

Matthew E. Trainor, Esq.
Assistant Federal Public Defender
Bar Roll No. 105643
54 State St, STE 310
Albany, New York 12207
Tel: (518) 436-1850
Fax: (518) 436-1780
matthew_trainor@fd.org